UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS GLOVER,

    Petitioner,

v.

                          Case No. 14-12630
                          Honorable Nancy G. Edmunds

JEFFREY WOODS,

    Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION TO HOLD HIS HABEAS PETITION IN ABEYANCE AND CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES

### I. Background

This matter is pending before the Court on petitioner Thomas Glover's recent *pro se* habeas corpus petition and motion to hold the habeas petition in abeyance. Petitioner is challenging his state convictions for second-degree murder, Mich. Comp. Laws § 750.317, assault with intent to commit murder, Mich. Comp. Laws § 750.83, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. Petitioner is incarcerated at Chippewa Correctional Facility in Kincheloe, Michigan where he is serving a sentence of forty-six to seventy-five years in prison for the murder conviction, thirty to sixty years for the assault conviction, four to seven and a half years for the felon-in-possession conviction, and two years for the felony firearm conviction.

On appeal from his convictions, Petitioner challenged the sufficiency of the evidence, the length of his sentence, the prosecutor's alleged mischaracterization of testimony and

medical records, and his trial attorney's failure to (a) investigate, (b) present evidence and testimony to support the defense theory, (c) introduce the victim's criminal history, and (d) object to the prosecutor's conduct. The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished decision, see People v. Glover, No. 302412, 2012 WL 1415122 (Mich. Ct. App. Apr. 24, 2012), and on September 24, 2012, the Michigan Supreme Court denied leave to appeal. See People v. Glover, 820 N.W.2d 805 (Mich. 2012) (table).

On December 4, 2013, Petitioner filed a motion for relief from judgment in the state trial court. His motion challenged the prosecutor's conduct (use of compound questions and mischaracterization of evidence), defense counsel's effectiveness, and appellate counsel's effectiveness. Additionally, Petitioner alleged that appellate counsel was cause for not raising these issues earlier. On February 14, 2014, the state court denied Petitioner's motion. Petitioner appealed the trial court's decision to the Michigan Court of Appeals and, on June 24, 2014, he submitted his habeas corpus petition to prison officials for mailing to this Court. At the time, his appeal from the trial court's ruling on his motion for relief from judgment was still pending in the Michigan Court of Appeals.

The habeas grounds for relief read:

I. Verdicts of guilty upon insufficient evidence constituted a denial of due process.

2. Sentences imposed violated constitutional guarantees against cruel and/or unusual punishment.

3. The prosecutor's perfidious and odious mischaracterization of critical evidence and statement undermined the defendant's theory of self-defense, depriving the defendant of a defense and a fair trial.

4. Defendant was denied his state and federal constitutional right to have the effective assistance of defense counsel pursuant to US Const, AMS VI, XIV and Const 1963, Art 1, §§ 17, 20 where defense counsel failed to or did not investigate and or admit witnesses and other evidence that would have supported the defendant's claim of self defense.

5. [Standard (4)] The prosecutor's perfidious and odious mischaracterization of critical evidence and statements undermined the defendant's theory of self-defense, depriving the defendant of a defense and a fair trial.

6. The defendant was denied his state and federal constitutional right to have the effective assistance of defense counsel pursuant to US Const, AMS VI, XIV and Const 1963, Art 1, §§ 17, 20 where defense counsel failed to or did not investigate and or admit witnesses and other evidence that would have supported the defendant's claim of self-defense.

The Court does not understand why Petitioner repeated claim three in claim five and claim four in claim six. In any event, Petitioner seeks to hold these six claims in abeyance while he continues to pursue state remedies.

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to fairly present all their claims to the state courts before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Nali v. Phillips*, 681 F.3d 837, 851 (6th Cir.), *cert. denied*, __ U.S. __, 133 S. Ct. 535 (2012). This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. at 845, 847. So, to be properly exhausted, each claim must have been fairly presented to the state court of appeals and

to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

Under the "stay-and-abeyance" procedure approved by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005), a court may stay a federal proceeding and hold a habeas petition in abeyance while the inmate returns to state court to exhaust state remedies for previously unexhausted claims. *Id*. at 275. After the petitioner exhausts state remedies, the district court can lift its stay and allow the inmate to proceed in federal court. *Id*. at 275-76.

A stay is "available only in limited circumstances," such as "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and the petitioner is not "engage[d] in abusive litigation tactics or intentional delay." *Id*. 277-78. But district courts are not prevented from "retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies," or from "deeming the limitations period tolled for [a habeas] petition as a matter of equity." *Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring). In fact, it is preferable for a district court to retain jurisdiction over exhausted claims and stay proceedings pending exhaustion of state remedies when the failure to retain jurisdiction would foreclose federal review of meritorious claims due to the lapse of the one-year statute of limitations for habeas petitions.[1] *Id*. at 183.

Petitioner apparently has raised at least one new claim (ineffective assistance of appellate counsel) in his motion for relief from judgment and subsequent appeal. And a

---

[1] *See* 28 U.S.C. § 2244(d)(1) (establishing a one-year period of limitation for state prisoners to file a federal habeas corpus petition).

dismissal of this case while Petitioner pursues state remedies could preclude consideration of a second or subsequent habeas petition due to the expiration of the one-year statute of limitations for habeas petitions.[2]

The Court therefore does not believe it would be an abuse of discretion to stay this case while Petitioner continues to pursue state remedies. Accordingly, Petitioner's motion to hold his habeas corpus petition in abeyance (Dkt. 2) is **GRANTED**.

IT IS FURTHER ORDERED that the Clerk of the Court shall close this case for administrative purposes. Nothing in this order shall be construed as an adjudication of Petitioner's claims.

IT IS FURTHER ORDERED that, if Petitioner is unsuccessful in state court, he may return to this Court and file an amended habeas corpus petition and a motion to re-open this case, using the same case number that appears on this order. An amended petition and motion to re-open this case must be filed within **ninety (90) days** of exhausting state remedies.

                                              s/ Nancy G. Edmunds
                                              UNITED STATES DISTRICT JUDGE

Dated: August 14, 2014

---

[2] Petitioner's conviction became final on December 23, 2012, when the ninety-day period of time for seeking review in the United States Supreme Court expired. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, __ U.S. __, __, 132 S. Ct. 641, 653-54 (2012); Sup. Ct. R. 13.1. The one-year statute of limitations began to run on the following day, *Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000), and it ran almost a year (345 days) before Petitioner filed his state post-conviction motion for relief from judgment, which in all likelihood tolled the limitations period. 28 U.S.C. 2244(d)(2). If the motion and subsequent application for leave to appeal were "properly filed," the limitations period will be tolled until the application for state collateral review "has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002).